OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding whereby petitioners seek an order: (1) that petitioners’ medical records be provided to petitioners’ attorneys, Prisoners’ Legal Services of New York, Inc.; (2) declaring that the determinations by respondents denying medical records requests by staff members (student attorneys) and legal assistants associated with petitioners’ attorneys were unlawful.
Petitioners are inmates in the custody of the New York State Department of Correctional Services, who have requested and authorized Prisoners’ Legal Services of New York, *863 Inc., as their attorneys, to obtain copies of their medical records to assist with the pursuit of a civil or criminal legal claim in which their medical conditions or treatments are in issue.
Prisoners’ Legal Services of New York, Inc., is a State-wide not-for-profit corporation founded by the New York State Bar Association to provide legal representation to indigent prisoners who are in New York State prisons. Each of the above-named petitioners apparently contacted the Albany office of Prisoners’ Legal Services which requested copies of the medical records of each of said petitioners.
It has been conceded on oral argument that the requests for access to the medical records of all of the petitioners except Lawrence Gaines have been complied with, and this court will, therefore, only consider the petition of Lawrence Gaines.
The Albany office of Prisoners’ Legal Services is staffed by three attorneys duly licensed to practice law in New York State, and by 11 third-year law students who are specially admitted to practice by order of the Appellate Division dated February 28, 1977, under the supervision of said licensed supervising attorneys. These student staff attorneys represent individual prisoners, acting as their attorneys under close supervision and in consultation with the supervising attorneys. Prisoners’ Legal Services also employs six second-year law students as student investigators, two of whom are assigned to assist each supervising attorney in routine correspondence and investigation.
Petitioner Lawrence Gaines executed a medical authorization form on October 11, 1977 which authorized Barbara Schneider, a law student, to examine and make copies of his medical records. On November 3, 1977, Barbara Schneider requested the medical records by letter to respondent Dr. Ian T. Loudon. The request was denied on December 1, 1977 on the grounds that they are not authorized to release copies of medical records "to other staff members of Prisoners’ Legal Services; they may be released only to attorneys or certified social workers.”
The respondents contend that petitioner Gaines designated the law student and not Prisoners’ Legal Services, Inc., as his attorney to whom disclosure was to be made, and law students specially admitted to practice pursuant to Judiciary Law are not attorneys within the meaning of that term as used in the regulations of the Department of Correctional Services with
*864 reference to obtaining medical records (7 NYCRR 5.20 [a] [7]). Further, refusal to grant access. to medical records to law students does not deny effective assistance of counsel nor deny petitioners access to the courts inasmuch as duly licensed attorneys are available to make such requests.
Further, respondents distinguish between law students admitted under the Judiciary Law and licensed attorneys because they have no way of knowing whether or not the law student (staff member) is specially admitted or when such status ceases, and medical records should be released only to responsible (licensed) persons.
This court feels that in order to protect the respondents from possible liability for releasing medical records to unauthorized persons, the request for such records should be signed or countersigned by an attorney of the Prisoners’ Legal Services admitted to practice, and such rule would not inhibit or hinder in any way the laudable work of Prisoners’ Legal Services.
The petition of Lawrence Gaines is therefore denied.
Respondents to submit order.